```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAVEL MUSHINSKY              :     CIVIL ACTION
                             :
     v.                      :
                             :
NELSON, WATSON & ASSOC., LLC :     NO. 09-610
```

ORDER

AND NOW, this 13th day of August, 2009, upon consideration of the defendant's motion for judgment on the pleadings (docket entry # 4), the plaintiff's response thereto (docket entry # 8), and defendant's reply (docket entry # 11), and the Court finding that:

(a)  In Pavel Mushinsky's complaint, he brings a claim against Nelson, Watson & Associates, LLC ("Nelson") for an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e;

(b)  Mushinsky contends that Nelson violated the FDCPA when it sent a collection notice to him that stated that his total balance due, $3,252.98, was comprised of $2,927.07 in "Principal" and $325.11 in "Interest,"[1] Compl. at ¶ 11-12;

---

[1] Oddly, neither party has mentioned the fact that the sum of the purported principal and interest is $3,252.18, not $3,252.98.

(c) According to the complaint, the amount listed as "principal" "is inaccurate as it includes already accumulated interest and fees," Compl. at ¶ 12;

(d) The notice that Mushinsky received from Nelson indicated that the "Original Creditor" was Sears and that the "Current Creditor" was LVNV Funding, LLC ("LVNV"), but it is not clear whether LVNV bought the debt directly from Sears or from another debt purchaser, Compl. Ex. A;

(e) In its motion for judgment on the pleadings, Nelson argues that its notice to Mushinsky complied with the FDCPA, even if the amount designated as "principal" included interest and late fees that accrued on Mushinsky's debt before it was transferred to LVNV, Def. Mot. at 3;

(f) Pursuant to the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "[t]he false representation of . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1692e;

(g) Our Court of Appeals has held that the FDCPA is a remedial statute and that we should therefore "construe its language broadly," Brown v. Card Svc. Center, 464 F.3d 450, 453 (3d Cir. 2006);

(h)   In this Circuit, "any lender-debtor communications potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of the least sophisticated debtor," id. at 454;

(i)   This standard requires more of the lender than a "reasonable debtor" standard would require of it "because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor," id.; see also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008);

(j)   But this standard "does not go so far as to provide solace to the willfully blind or non-observant" and protects debt collectors "from liability for bizarre or idiosyncratic interpretations of collection notices," Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008) (internal quotations omitted);

(k)   If a debt collection letter "'can be reasonably read to have two or more different meanings, one of which is inaccurate,'" it is deceptive under the FDCPA, Brown, 464 F.3d at 455 (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354);

(l)   In addressing Nelson's motion, therefore, the central question is whether the facts in Mushinsky's complaint, if

3

proven, could support a jury's conclusion that the hypothetical least sophisticated debtor would be deceived or misled if an amount designated as "principal" included both principal and interest;

(m)   To protect Nelson from "bizarre or idiosyncratic interpretations" of the notice it sent to Mushinsky, we will examine the definitions of principal in two standard dictionaries, see Nelson v. Select Fin. Svcs., Inc., 430 F.Supp.2d 455, 457 (E.D. Pa. 2006);

(n)   The Oxford English Dictionary defines principal when used in the sense "[o]f money" as "Constituting the primary or original sum; that is the main or capital sum invested or lent, and yielding interest or income; capital, capitalized," 12 The Oxford English Dictionary 495 (2d ed. 1989);

(o)   In Mushinsky's case, the "original sum" or "main . . . sum . . . lent" is the amount that he borrowed from Sears, not the amount of the debt that LVNV purchased;

(p)   The applicable definition of principal from Webster's Third New International Dictionary (Philip Babcock Gove ed., 1986) is "a capital sum placed at interest, due as a debt, or used as a fund," id. at 1802;

   (q) That dictionary circuitously defines <u>capital</u> as "the principal of a loan as contrasted with interest," <u>id.</u> at 332;

   (r) Under <u>Webster's</u> definitions, self-referential though they may be, "principal" does not include interest;

   (s) The definitions in these two standard dictionaries thus support Mushinsky's contention that "principal" does not include interest, and this interpretation is certainly not "bizarre or idiosyncratic";

   (t) Similarly, a debtor who assumed that "principal" included only the amount that Sears lent to Mushinsky -- and not any amount of interest -- would not be acting in a way that was "unrealistic" or "fanciful," <u>see</u> <u>Campuzano-Burgos</u>, 550 F.3d at 299;

   (u) In its motion and reply, Nelson primarily relies on Seventh Circuit jurisprudence on this issue, and it urges us to adopt that court's reasoning and rule in its favor;

   (v) In <u>Hahn v. Triumph Partnerships, LLC</u>, 557 F.3d 755 (7th Cir. 2009) (Easterbrook, C.J.), the court concluded that including previously accumulated interest in an amount designated as "principal due" was not false under the FDCPA because "today's interest becomes tomorrow's principal, so all past-due amounts accurately may be described as 'principal due,'" <u>id.</u> at 757;

(w)  But the plaintiff in Hahn did not contend that the notice at issue there was misleading or deceptive -- she only argued that it was false, id.; see also Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 644-45 (holding that a debt collector did not violate the FDCPA when it "[broke] down the principal and interest components of the debt in an arguably false manner" in a case in which the plaintiff only argued that the collector's actions were false, not deceptive or misleading);

(x)  We need not decide whether to follow the Seventh Circuit's approach to falsity[2] because Mushinsky claims that the notice was also deceptive and misleading, and even if the notice is not false, it could be deceptive or misleading to the least sophisticated debtor[3];

---

[2] We note that no Circuit Court other than the Sixth and Seventh Circuits has cited Hahn and Wahl, and no court in our Circuit has relied on either case. The Sixth Circuit cited these cases not regarding the specific question here -- whether "principal" on a debt collection notice may also include interest -- but rather to support the proposition that a false statement must also be material to be actionable under the FDCPA. Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 595 (6th Cir. 2009).

[3] In Wahl, the court also held that a plaintiff who asserted that a statement was false under the FDCPA also had to show that it was misleading. Wahl, 556 F.3d at 645-46. But the statute says that a "debt collector may not use any false, deceptive, or misleading representation." 15 U.S.C. § 1692e (emphasis added). Congress used the disjunctive "or" here, which
(continued...)

6

(y)   We do not know whether our Court of Appeals would adopt the Seventh Circuit's conclusion in Hahn and Wahl regarding the meaning of "principal," but the Seventh Circuit's conclusion is at least reasonable;

(z)   Because Nelson's notice "can be reasonably read to have two or more different meanings" and one of them -- that "principal" did not include interest -- is purportedly inaccurate, we will deny Nelson's motion for judgment on the pleadings, see Brown, 464 F.3d at 455 (holding that a collector would violate the FDCPA if it notified a debtor that the collector "could" refer the account to an attorney, even though the collector rarely or never did so, because the debtor might believe that the collector "would" take that action), Dutton v. Wolpoff & Abramson, 5 F.3d 649, 651 (3d Cir. 1993) (holding that where the least sophisticated consumer could have misinterpreted a statement in a

---

[3] (...continued)
indicates that Mushinsky may state a claim for an FDCPA violation by alleging that Nelson made a representation that was false or deceptive or misleading. Under the jurisprudence of our Court of Appeals, the FDCPA is a remedial statute, and we are to read its language "broadly." Indeed, our Court of Appeals has "recognize[d] that in certain contexts a completely accurate statement can be deceptive or misleading." Campuzano-Burgos, 550 F.3d at 301.

settlement letter, the question of whether the letter would deceive that consumer under the FDCPA was for the jury);

It is hereby ORDERED that the motion for judgment on the pleadings (docket entry # 4) is DENIED.

BY THE COURT:

/s/ Stewart Dalzell, J.